Plaintiff, appearing pro se, adopts, what might appear (except to a lawyer), the rational procedure of filing identical petitions prepared in triplicate in the U.S. District Court, the U.S. Circuit Court of Appeals, and here. All each court has to do is to indicate which of them have jurisdiction. As to ourselves, we are compelled to say we do not, and adhere to our usual procedure of saying why not.
Plaintiff is not as clear and specific as he ought to be in stating the nature of his grievance or why any court should have jurisdiction of it. But it appears, on perusal of the petition in its totality, that plaintiff is a veteran, that he has had pending in the Veterans Administration a claim for some type of benefits, and that the Board of Veterans Appeals has rendered a decision adverse to the claim, which exhausts the administrative remedies. Plaintiff wants this court, or some court, to review that decision.
The difficulty is that with certain exceptions (for example claims for insurance benefits), Congress has provided that no court of the United States shall have power or jurisdic *914 tion to review any decision of the Administrator respecting veterans’ benefits. 38 U.S.C. § 211. Plaintiff does not bring his case within the exceptions.
Accordingly, defendant is not to be notified, and the court dismisses the petition sua sponte.
Plaintiffs motion for rehearing was denied September 24, 1982.